UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| RADIO FREE ASIA,<br><br>    *Plaintiff*,<br><br>v.<br><br>UNITED STATES, et al.,<br><br>    *Defendants*. | No. 25-cv-907-RCL |
| MIDDLE EAST BROADCASTING NETWORKS, INC.<br><br>    *Plaintiff*,<br><br>v.<br><br>UNITED STATES, et al.,<br><br>    *Defendants*. | No. 25-cv-966-RCL |

**RADIO FREE ASIA AND MIDDLE EAST BROADCASTING NETWORKS, INC.'S OPPOSED MOTION TO ENTER ORDER GRANTING PRELIMINARY INJUNCTION**

On April 22, 2025, this Court entered a preliminary injunction in *Widakuswara v. Lake*, No. 25-cv-1015, ordering defendants in that case to, *inter alia*:

> restore the FY 2025 grants with USAGM Networks Radio Free Asia and Middle East Broadcasting Networks such that international USAGM outlets can "provide news which is consistently reliable and authoritative, accurate, objective, and comprehensive," 22 U.S.C. § 6202(a), (b), and to that end, provide monthly status reports on the first day of each month apprising the Court of the status of the defendants' compliance with this Order, including documentation sufficient to show the disbursement to RFA and MBN of the funds Congress appropriated.

Case No. 25-cv-1015, ECF No. 99, at 1-2. Radio Free Asia ("RFA") and Middle East Broadcasting Networks, Inc. ("MBN" and collectively "the Networks") respectfully request that the Court grant their respective motions for a preliminary injunction (Case No. 25-cv-907, ECF No. 12[1]; Case No. 25-cv-966, ECF No. 11) and enter a similar order in the above-captioned actions as well.

Courts regularly conclude that the entry of similar preliminary relief across separate actions is appropriate. *See, e.g.*, *Whitman-Walker Clinic, Inc. v. U.S. Dep't of Health & Hum. Servs.*, 485 F. Supp. 3d 1, 60 (D.D.C. 2020) ("[C]ourts routinely grant follow-on injunctions against the Government, even in instances when an earlier nationwide injunction has already provided plaintiffs in the later action with their desired relief."); *see also Nat'l Council of Nonprofits v. Off. of Mgmt. & Budget*, No. 25-239 (LLA), 2025 WL 368852, at *13 n.9 (D.D.C. Feb. 3, 2025); *California v. HHS*, 390 F. Supp. 3d 1061, 1065-66 (N.D. Cal. 2019). Here, as the Court has already recognized, the Court's resolution of the *Widakuswara* claims necessarily establishes that the Networks are likely to succeed on their APA and constitutional claims; the Networks will suffer the irreparable harm discussed in the *Widakuswara* order as well as the

---

[1] While RFA's motion was initially styled as a motion for a temporary restraining order, as noted in the Court's April 10, 2025 order, "[t]he parties have agreed to convert Radio Free Asia's Motion for a Temporary Restraining Order into a Motion for a Preliminary Injunction."

harms described in the Networks' motions for preliminary relief; and the balance of equities and public interest similarly support immediate relief for the reasons the Court has already explained. In addition, the Court's entry of a preliminary injunction similar to the one entered in *Widakuswara* is especially appropriate for two other reasons.

*First*, entry of a similar order in the above-captioned actions will allow RFA or MBN (who are not parties to the *Widakuswara* action) to enforce the order if necessary. This is not a remote possibility; RFA and MBN still have not received their April funds from USAGM, notwithstanding the *Widakuswara* TRO that had been in place since March 28, 2025, and this Court's recent preliminary injunction entered on April 22, 2025. On the day this Court entered a preliminary injunction in *Widakuswara*, counsel for the Networks asked counsel for Defendants to advise when RFA and MBN will receive their April funds. As of the time of this filing, counsel for Defendants has not responded, and USAGM has not disbursed April funds to either organization.

*Second*, earlier today, the *Widakuswara* defendants appealed this Court's April 22, 2025 preliminary injunction, *see* Case No. 25-cv-1015, ECF No. 100, and the Networks understand that they intend to seek a stay of the preliminary injunction pending that appeal. It is critical that RFA and MBN are able to participate as parties in any stay-related proceedings before this Court or the Court of Appeals in order to protect and advocate for their respective interests. Further, entry of the Court's preliminary injunction on the above-captioned dockets will facilitate the Networks' ability to participate fully on appeal, including through potential consolidation of any appeal in this case and the appeal in *Widakuswara*.

Accordingly, the Networks respectfully request that the Court promptly grant their respective motions for a preliminary injunction and enter on the above-captioned dockets orders containing the provisions of the *Widakuswara* injunction quoted above. *See* Proposed Order.

Pursuant to Local Civil Rule 7(m), counsel for the Networks has conferred with counsel for Defendants, which oppose this motion. Defendants state: "Our understanding is that the existing PI in *Widakuswara* already extends to RFA and MBN. For that reason, we would oppose the motion as unnecessary." Counsel for Defendants also advised that they intend to file a stay motion today in *Widakuswara* "that will provide more detail relevant to this inquiry."

| | |
|---|---|
| April 24, 2025 | Respectfully submitted, |
| /s/ Kristin Bateman<br>Kristin Bateman*^<br>Jennifer Fountain Connolly (D.C. Bar No. 1019148)<br>Robin F. Thurston (D.C. Bar No. 1531399)<br>Skye L. Perryman (D.C. Bar No. 984573)<br>Democracy Forward Foundation<br>P.O. Box 34553<br>Washington, D.C. 20043<br>(202) 448-9090<br>kbateman@democracyforward.org<br>jconnolly@democracyforward.org<br>rthurston@democracyforward.org<br>sperryman@democracyforward.org | /s/ Donald B. Verrilli, Jr.<br>Donald B. Verrilli, Jr. (D.C. Bar. No. 420434)<br>Ginger D. Anders (D.C. Bar. No. 494471)<br>Jeremy S. Kreisberg (D.C. Bar No. 1048346)<br>Helen E. White (D.C. Bar No. 1741368)*<br>Esthena L. Barlow (D.C. Bar No. 90000252)<br>MUNGER, TOLLES & OLSON LLP<br>601 Massachusetts Avenue, NW, Suite 500E<br>Washington, D.C. 20001<br>(202) 220-1100<br>Donald.Verilli@mto.com<br>Ginger.Anders@mto.com<br>Jeremy.Kreisberg@mto.com<br>Helen.White@mto.com<br>Esthena.Barlow@mto.com<br><br>Hailyn J. Chen**<br>Adeel Mohammadi**<br>MUNGER, TOLLES & OLSON LLP<br>350 S. Grand Avenue, Fiftieth Floor<br>Los Angeles, California 90071<br>(213) 683-9100<br>Hailyn.Chen@mto.com<br>Adeel.Mohammadi@mto.com<br><br>Gabriel M. Bronshteyn**<br>MUNGER, TOLLES & OLSON LLP<br>560 Mission Street, Twenty-Seventh Floor<br>San Francisco, California 94105<br>(415) 512-4000<br>Gabriel.Bronshteyn@mto.com<br><br>*Admission pending<br>**Pro hac vice application pending<br>^ Admitted only in California; practice supervised by members of the D.C. bar<br><br>*Attorneys for Radio Free Asia and Middle East Broadcasting Networks, Inc.* |